UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK BRIAN WARNER,<br><br>                    Petitioner,<br><br>    v.<br><br>JASON BENNETT,<br><br>                    Respondent. | Case No. C24-5414-KKE-MLP<br><br>REPORT AND RECOMMENDATION |

## I.    INTRODUCTION

Petitioner Mark Warner is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in Kitsap County Superior Court case number 19-1-01710-18. (*See* dkt. # 4.) He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking relief from that judgment. (*Id.*) The petition has not been served on Respondent. After careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed.

## II.    DISCUSSION

The Court received Petitioner's federal habeas petition for filing on May 29, 2024. (*See* dkt. # 1.) Petitioner asserted therein that his current custody is unlawful because Kitsap County authorities failed to secure an arrest warrant before seizing his person. (*See* dkt. ## 4, 4-2.) After

REPORT AND RECOMMENDATION
PAGE - 1

reviewing the petition, this Court determined that the claim asserted in the petition was not eligible for federal habeas review. Thus, on June 6, 2024, this Court issued an Order directing Petitioner to show cause why this action should not be dismissed for failure to exhaust state court remedies. (Dkt. # 6.)

In the Order to Show Cause, the Court first explained that though Petitioner presented his petition as one filed under § 2241, the petition was properly construed as one brought pursuant to 28 U.S.C. § 2254 because the Ninth Circuit has held that § 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention. (Dkt. # 6 at 2 (citing *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc))). The Court further explained that in order to obtain relief under § 2254, a petitioner must demonstrate each of his claims for federal habeas relief has been properly exhausted in the state courts. (*See id.* (citing 28 U.S.C. § 2254(b)-(c)).) The Court noted that Petitioner had made clear in his petition that he had not presented the claim raised therein to any state appellate court for review, and that the claim was therefore unexhausted. (*Id.*)

Petitioner was granted thirty days within which to file a response to the Order to Show Cause and was advised that his failure to timely respond would result in a recommendation that this action be dismissed. To date, Petitioner has filed no response to the Court's Order. Petitioner has, however, filed a series of motions seeking discovery and production of various records. (*See* dkt. ## 7-10.) He has also filed a motion requesting that Respondent be directed to file an answer to his petition. (Dkt. # 11.) With respect to Petitioner's requests for discovery and for production of records, Petitioner fails to demonstrate that any of the requested material is relevant to the exhaustion issue, which is the only issue currently before the Court. With respect to Petitioner's

request that Respondent be directed to file an answer, no answer is necessary because Petitioner has not demonstrated that his asserted claim is eligible for federal habeas review.

In sum, because Petitioner makes no showing in any of his materials that he has presented his proposed ground for federal habeas relief to the state courts for review, his claim is unexhausted and may not be considered here.

### III.    CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 4) and this action be DISMISSED without prejudice. The Court further recommends that all of Petitioner's pending motions (dkt. ## 7-11) be DENIED as moot.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may

affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 16, 2024**.

DATED this 26th day of July, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4