UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK BRIAN WARNER, <br><br> Petitioner, <br> v. <br><br> JASON BENNETT, <br><br> Respondent. | CASE NO. C24-5414-KKE-MLP <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

The Court has reviewed the Report and Recommendation ("R&R") of United States Magistrate Judge Michelle L. Peterson (Dkt. No. 12), Petitioner Mark Brian Warner's objections to the R&R (Dkt. Nos. 13, 14), and the remaining record. The Court agrees with Magistrate Judge Peterson that Mr. Warner's habeas corpus case must be dismissed for failure to exhaust his state court remedies. *See* 28 U.S.C. § 2254. Accordingly, the Court adopts the R&R but will address each of Mr. Warner's objections in turn.[1]

Mr. Warner objects to the R&R's recharacterization of his claim from a petition under 28 U.S.C. § 2241 to a petition under 28 U.S.C § 2254. Dkt. No. 13 at 2 (objection eight). Because Mr. Warner admits he is incarcerated pursuant to a state court judgment (Dkt. No. 4 at 1, Dkt. No.

---

[1] The Court need not separately address Mr. Warner's "Objection 1" as it merely states that he objects to the entire R&R. Dkt. No. 13 at 1.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE - 1

4-3 at 2)[2], the R&R correctly interpreted his habeas petition under 28 U.S.C. § 2254. *Kogianes v. Jensen*, 854 F. App'x 782 (9th Cir. 2021) ("The district court correctly determined that, because appellants were in custody pursuant to state court judgments, they must bring habeas petitions through 28 U.S.C. § 2254, not § 2241."). Objection eight is overruled.

Mr. Warner argues the R&R fails to address his "Request for Certification" (objection two), "Petitioner's Affidavit in Support of 28 U.S.C. § 2241" (objection three), or his request for a "certified copy of the Arrest Warrant" (objection five). Dkt. No. 13 at 1–2. The R&R addressed each of these requests. The request for certification and affidavit were filed with the petition for habeas corpus (Dkt. Nos. 4-3, 4-4) and the R&R described its "careful review of the petition." Dkt. No. 12 at 1. The R&R also addressed Mr. Warner's multiple motions and requests for production of records, including the request for the Kitsap County clerk to provide all "records regarding the Arrest Warrant and Probable Cause Determination" (Dkt. No. 10). Dkt. No. 12 at 2. Not only did the R&R address these requests, the Court finds the R&R was correct in concluding that none of these documents or requests change the determinative fact that Mr. Warner has failed to exhaust his state court remedies, requiring dismissal. These objections are overruled.

Mr. Warner also objects to the Court's failure to allow him to be heard under Evidence Rule 201. Dkt. No. 13 at 2 (objection four). Federal Rule of Evidence 201 allows an opportunity to be heard regarding "the propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(e). Because the Court finds the case must be dismissed for failure to exhaust remedies, and the request(s) for judicial notice do not change the necessity for dismissal,

---

[2] Mr. Warner's attestation that "his confinement is **NOT** the result of a criminal court's judgment" does not dispute that he was sentenced by a state court judgment, just that the "Kitsap County Superior Court [lacked] jurisdiction to enter a judgment and sentence." Dkt. No. 4-2 at 3.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE - 2

the Court overrules this objection. *See Bennett v. Bennett*, No. C24-0272JLR, 2024 WL 2748807, at *2 (W.D. Wash. May 29, 2024) (overruling same objection to a report and recommendation).

Mr. Warner also argues the Court should have considered "whether or not an evidentiary hearing would benefit a merits resolution, or Petitioner's right to contest factual disputes and expand the record." Dkt. No. 13 at 2 (objection six). The decision to hold an evidentiary hearing is committed to the court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id*. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Because Mr. Warner has not identified any evidence that he could present at an evidentiary hearing that would call into question the conclusion that his petition must be dismissed due to his failure to exhaust his state court remedies, the court also overrules this objection.

Finally, Mr. Warner objects to the R&R's assertion of "a Procedural Defense without any party asserting the defense[.]" Dkt. No. 13 at 2 (objection seven). But the Ninth Circuit has held that the court "may consider whether state remedies have been exhausted even if the state does not raise the issue." *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981), *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that…the action…fails to state a claim on which relief may be granted[.]"). The R&R properly considered whether state court remedies had been exhausted *sua sponte*, and therefore this objection is overruled.

Notably, Mr. Warner does not dispute that he failed to exhaust his state court remedies or that such exhaustion is required. *Corbray v. Robnett*, No. 3:23-cv-05725-JCC-TLF, 2024 WL 279052, at *3 (W.D. Wash. Jan. 18, 2024), *report and recommendation adopted*, No. C23-5725-

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE - 3

JCC, 2024 WL 278994 (W.D. Wash. Jan. 24, 2024), *appeal dismissed*, No. 24-608, 2024 WL 3647922 (9th Cir. May 23, 2024) ("To obtain federal judicial review of a state conviction or sentence, a party must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and must first exhaust state judicial remedies." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973))).

Because none of Mr. Warner's objections, or the remainder of the record, cure Mr. Warner's failure to exhaust state court remedies before bringing this habeas corpus action, the Court OVERRULES the objections and ADOPTS the R&R and dismisses the case.

Accordingly, the Court finds and ORDERS:

(1)  The Report and Recommendation is approved and ADOPTED.

(2)  Petitioner's petition for writ of habeas corpus (Dkt. No. 4) and this action are DISMISSED without prejudice for failure to exhaust state court remedies.

(3)  In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.

(4)  Petitioner's pending motions (Dkt. Nos. 7–11, 15–16) are DENIED as moot.

(5)  The Clerk is directed to send copies of this Order to Petitioner and to the Honorable Michelle L. Peterson.

Dated this 5th day of September, 2024.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge