1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

MARK BRIAN WARNER,

CASE NO. C24-5414-KKE-MLP

9

Petitioner,

ORDER DENYING MOTIONS FOR
RELIEF FROM JUDGMENT

v.

10

JASON BENNETT,

11

Respondent.

12
13
14

This matter comes before the Court on Petitioner Mark Brian Warner's four motions for

relief from judgment under Federal Rule of Civil Procedure 60(b)(4).  Dkt. Nos. 19, 22, 27, 28.

For the below reasons, the Court denies each motion.

15
16
17
18
19
20
21
22
23
24

Mr. Warner filed his petition for writ of habeas corpus in May 2024.  Dkt. No. 1.  On July

26, 2024, Magistrate Judge Michelle L. Peterson issued a report and recommendation ("R&R")

concluding that Mr. Warner's habeas petition should be dismissed without prejudice for failure to

exhaust his remedies in state court.  Dkt. No. 12.  The R&R further concluded "Petitioner is not

entitled to a certificate of appealability" because he did not show reasonable jurists could disagree

with the outcome of his habeas petition.  *Id.* at 3.  Mr. Warner timely filed objections to the R&R.

Dkt. Nos. 13, 14.  This Court reviewed the R&R, remaining record, and each of Mr. Warner's

objections de novo.  Dkt. No. 17; *see* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine

de novo any part of the magistrate judge's disposition that has been properly objected to.").

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 1

1
2
3
4

Ultimately, the Court adopted the R&R because "none of Mr. Warner's objections, or the remainder of the record, cure Mr. Warner's failure to exhaust state court remedies[.]" Dkt. No. 17 at 4.  The Court overruled Mr. Warner's objections, adopted the R&R, dismissed the petition, and denied a certificate of appealability.  *Id.*

5
6
7
8
9
10
11
12
13
14
15
16
17
18

Each of Mr. Warner's motions seeks relief under Federal Rule of Civil Procedure 60(b)(4), which allows a court to relieve a party from final judgment if "the judgment is void[.]"  "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).  "An incorrectly decided judgment is not itself sufficient to render a judgment void."  *Matter of Redondo Special, LLC*, 699 F. Supp. 3d 893, 895 (C.D. Cal. 2023).  Mr. Warner does not identify any reason why the judgment would be "void."  Instead, Mr. Warner argues the Court made various mistakes, which is more properly considered under Federal Rule of Civil Procedure 60(b)(1) or in a motion for reconsideration under Local Rule 7(h).  *See Colbert v. Haynes*, No. C18-1350-RSM, 2020 WL 70262, at *2 (W.D. Wash. Jan. 7, 2020) (explaining Rule 60(b)(1) "provides the court with discretion to correct a judgment for mistake or inadvertence made by counsel or by the court itself").  Regardless of the rule Mr. Warner invokes for his motion for relief from a judgment, however, Mr. Warner fails to identify any errors made by the Court.

19
20
21

Mr. Warner makes five arguments for why he is entitled to relief from the judgment dismissing his habeas petition without prejudice.  Dkt. Nos. 19, 22, 26–28.[1]  The Court will address each of Mr. Warner's arguments in turn.

22
23
24

---

[1] While only four of Mr. Warner's filings are entitled "motion for relief from judgment," the Court identifies five substantive arguments for relief in the record.

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 2

First, Mr. Warner argues the Court failed to "conduct de novo review of the Request for Certification." Dkt. No. 19 at 1. The record in this case uses the term "certification" in two ways. Regardless of which type of "certification" Mr. Warner complains of here, the Court did not err. The first use of "certification" in the record is Mr. Warner's request for certification asking the Court to certify a question to the Washington State Supreme Court. Dkt. No. 4-4. In his objection to the R&R, Mr. Warner stated, "The Report and Recommendation failed to address Petitioner's Request for Certification in the [sic] 28 U.S.C. § 2241." Dkt. No. 13 at 1. Accordingly, in the order adopting the R&R, the Court performed de novo review of Mr. Warner's request for certification (Dkt. No. 4-4) and held that the R&R did address this request and was "correct in concluding that none of these documents or requests change the determinative fact that Mr. Warner has failed to exhaust his state court remedies, requiring dismissal." Dkt. No. 17 at 2. The Court properly considered Mr. Warner's request for certification of a question to the Washington Supreme Court and all objections arising from such request. The second instance of the term "certification" is used by the Court in terms of a certificate of appealability. The R&R declined to issue a certificate of appealability. Dkt. No. 12 at 3. Mr. Warner never objected to this denial of a certificate of appealability. Dkt. Nos. 13–16. The Court is only required to conduct de novo review of the "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Thus, the Court acted properly when it did not perform a de novo review of the R&R's holding denying a certificate of appealability, and the adoption of that holding is correct. Mr. Warner's first argument for relief from judgment fails.

Second, Mr. Warner argues the Court failed "to conduct de novo review of Petitioner's Affidavit In Support of 28 U.S.C. section 2241." Dkt. No. 22 at 1. Mr. Warner raised this same objection in response to the R&R. Dkt. No. 13 at 1. The Court explicitly addressed this objection de novo in its order adopting the R&R and found the R&R properly considered this document.

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 3

Dkt. No. 17 at 2.  The affidavit Mr. Warner filed with his petition (Dkt. No. 4-3) was properly considered at each stage of his case.  The second argument for relief from judgment fails.

Third, Mr. Warner argues the Court failed "to conduct de novo review of [the] MOTION REQUESTING JUDICIAL NOTICE In Support of 28 U.S.C. § 2241."  Dkt. No. 26 at 1.  Again, Mr. Warner raised this objection in response to the R&R.  Dkt. No. 13 at 2.  And the Court explicitly addressed the objection de novo in its order adopting the R&R, finding "the request(s) for judicial notice do not change the necessity for dismissal, the Court overrules this objection."  Dkt. No. 17 at 2–3.  The Court properly considered Mr. Warner's motion requesting judicial notice and the third argument for relief from judgment fails.

Fourth, Mr. Warner argues the Court failed "to conduct de novo review of [the] MOTION REQUESTING BRADY ORDER."  Dkt. No. 27 at 1.  There is no such motion on the docket.  If Mr. Warner is referring to his motion to request discovery (Dkt. No. 8) which references *Brady v. Maryland*, 373 U.S. 83 (1963), or his objection that the R&R "failed to order the respondent to produce a certified copy of the Arrest Warrant" (Dkt. No. 13 at 2), the Court addressed both of these requests in its order.  Dkt. No. 17 at 2 (explaining the R&R addressed the request for a copy of the arrest warrant and multiple motions for discovery and correctly concluded "none of these documents or requests change the determinative fact that Mr. Warner has failed to exhaust his state court remedies").  Mr. Warner's fourth argument for relief from judgment fails.

Fifth, Mr. Warner argues the Court failed to "conduct de novo review of [the] MOTION FOR EVIDENTIARY HEARING."  Dkt. No. 28.  Mr. Warner raised this objection in response to the R&R.  Dkt. No. 13 at 2.  The Court explicitly addressed and rejected this objection de novo in its order adopting the R&R, explaining "[b]ecause Mr. Warner has not identified any evidence that he could present at an evidentiary hearing that would call into question the conclusion that his

petition must be dismissed due to his failure to exhaust his state court remedies, the court also overrules this objection." Dkt. No. 17 at 3.  The fifth argument for relief from judgment fails.

The R&R and order dismissing Mr. Warner's case without prejudice for failure to exhaust state remedies properly considered all of the evidence.  Mr. Warner has failed to identify any error in the Court's prior order dismissing the case.  Accordingly, his motions for relief from judgment are denied.  Dkt. Nos. 19, 22, 27, 28.

Because Mr. Warner still fails to raise any argument regarding his failure to exhaust his state court remedies, the Court denies a certificate of appealability of this order.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 22nd day of October, 2024.

Kymberly K. Evanson
United States District Judge