UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK BRIAN WARNER,<br><br>   Petitioner,<br>   v.<br><br>JASON BENNETT,<br><br>   Respondent. | CASE NO. C24-5414-KKE-MLP<br><br>ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT |

This matter comes before the Court on Petitioner Mark Brian Warner's eight motions for relief from judgment under Federal Rule of Civil Procedure 60(b)(4). Dkt. Nos. 30–35, 40, 41. For the below reasons, the Court denies each motion.

Mr. Warner filed his petition for writ of habeas corpus in May 2024. Dkt. No. 1. On July 26, 2024, Magistrate Judge Michelle L. Peterson issued a report and recommendation ("R&R") concluding that Mr. Warner's habeas petition should be dismissed without prejudice for failure to exhaust his remedies in state court. Dkt. No. 12. The R&R further concluded "Petitioner is not entitled to a certificate of appealability" because he did not show reasonable jurists could disagree with the outcome of his habeas petition. *Id.* at 3. Mr. Warner timely filed objections to the R&R. Dkt. Nos. 13, 14. This Court reviewed the R&R, remaining record, and each of Mr. Warner's objections de novo. Dkt. No. 17; *see* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 1

Ultimately, the Court adopted the R&R because "none of Mr. Warner's objections, or the remainder of the record, cure Mr. Warner's failure to exhaust state court remedies[.]" Dkt. No. 17 at 4. The Court overruled Mr. Warner's objections, adopted the R&R, dismissed the petition, and denied a certificate of appealability. *Id.* Mr. Warner then filed four motions for relief from judgment under Federal Rule of Civil Procedure 60(b)(4). Dkt. Nos. 19, 22, 27, 28. The Court reviewed and denied each motion because each alleged error had been fully addressed in the Court's order dismissing the case. Dkt. No. 29. Eight new motions for relief from judgment are currently pending. Dkt. Nos. 30–35, 40, 41.

Each of Mr. Warner's motions seeks relief under Federal Rule of Civil Procedure 60(b)(4), which allows a court to relieve a party from final judgment if "the judgment is void[.]" "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "An incorrectly decided judgment is not itself sufficient to render a judgment void." *Matter of Redondo Special, LLC*, 699 F. Supp. 3d 893, 895 (C.D. Cal. 2023). Mr. Warner does not identify any reason why the judgment would be "void." Instead, Mr. Warner argues the Court made various mistakes, which is more properly considered under Federal Rule of Civil Procedure 60(b)(1) or in a motion for reconsideration under Local Rule 7(h). *See Colbert v. Haynes*, No. C18-1350-RSM, 2020 WL 70262, at *2 (W.D. Wash. Jan. 7, 2020) (explaining Rule 60(b)(1) "provides the court with discretion to correct a judgment for mistake or inadvertence made by counsel or by the court itself"). Regardless of the rule Mr. Warner invokes for his motions for relief from judgment, Mr. Warner fails to identify any errors made by the Court.

Four of Mr. Warner's motions reiterate the same alleged errors raised in his prior motions for relief from judgment (Dkt. Nos. 19, 22, 27, 28) which were addressed in this Court's prior

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 2

order; the Court will not reiterate its reasoning here and the duplicative motions are denied. Dkt. No. 31 ("failing to conduct de novo review of the Request for Certification"), Dkt. No. 32 ("failing to conduct de novo review of MOTION REQUESTING BRADY ORDER"), Dkt. No. 33 ("failing to conduct de novo review of MOTION FOR EVIDENTIARY HEARING"), Dkt. No. 34 ("failing to conduct de novo review of Petitioner's Affidavit In Support of 28 U.S.C. section 2241"), *see* Dkt. No 29 at 3–5 (addressing each alleged failure). To the extent Mr. Warner files any future duplicative motions, the Court will strike the motions.

Mr. Warner makes three additional arguments for why he is entitled to relief from the judgment dismissing his habeas petition without prejudice. Dkt. Nos. 30, 35, 40, 41. The Court will address each argument in turn.

First, Mr. Warner argues the Court erred by "asserting a procedural defense not made by respondent." Dkt. No. 30 at 1. Mr. Warner previously raised this objection in response to the R&R (Dkt. No. 13 at 2) and the Court considered the objection in its order dismissing the case (Dkt. No. 17 at 3). The Court properly considered this objection and this argument for relief from judgment fails.

Second, Mr. Warner argues the Court erred by "recharacterizing a 28 U.S.C. § 2241 as a 28 U.S.C. § 2254" (Dkt. No. 35). Again, Mr. Warner previously raised this objection in response to the R&R (Dkt. No. 13 at 2) and the Court considered the objection in its order dismissing the case (Dkt. No. 17 at 1–2). The Court properly considered this objection and this argument for relief from judgment fails.

Finally, Mr. Warner argues in his final two motions for relief from judgment that the Court failed "to conduct de novo review of Petitioner's Motion Requesting Discovery" and failed "to conduct de novo review of Petitioner's Motion Requesting Production of the Record." Dkt. Nos. 40, 41. While Mr. Warner did file the identified motions (Dkt. Nos. 8, 9), neither motion nor their

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 3

contents were identified in Mr. Warner's objections to the R&R (Dkt. Nos. 13, 14) thus the Court did not need to perform a de novo review of the motions, and properly denied them as moot. *See* Fed. R. Civ. P. 72(b)(3). Moreover, neither motion identifies any information that could have cured the dispositive issue in Mr. Warner's habeas case—his failure to exhaust state remedies. The Court did not err by failing to conduct de novo review of Mr. Warner's motion for discovery or motion for production of the record.

The R&R and order dismissing Mr. Warner's case without prejudice for failure to exhaust state remedies properly considered all of the evidence. Mr. Warner has failed to identify any error in the Court's prior order dismissing the case. Accordingly, his motions for relief from judgment are denied. Dkt. Nos. 30–35, 40, 41.

Because Mr. Warner still fails to raise any argument regarding his failure to exhaust his state court remedies, the Court denies a certificate of appealability of this order.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 19th day of November, 2024.

Kymberly K. Evanson
United States District Judge